FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

2016 MAR 16 AM 11: 52

Chambers of
**Ellen Lipton Hollander**
District Court Judge

CLERK'S OFFICE
AT BALTIMORE
101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

BY_____DEPUTY

March 16, 2016

MEMORANDUM TO MR. HARRISON (via U.S. MAIL) AND COUNSEL (via CM/ECF)

Levin I. Harrison, IV
P.O. Box 310
Tilghman, MD 21671

    Re:   *LNV Corporation v. Harrison Family Business, LLC, et al.*
          Civil Action No. ELH-14-03778

Dear Mr. Harrison and Counsel:

On March 14, 2016, Robin R. Cockey, Ashley A. Bosché, and the firm of Cockey, Brennan & Maloney, P.C. moved for leave to withdraw as counsel for all defendants, including Harrison Country Inn and Sport Fishing Center, Inc.; Harrison Family Business, LLC ("HFB"); the Estate of Levin F. Harrison III; and the Estate of Roberta L. Harrison. *See* ECF 105 ("Motion"). By Order of March 15, 2016, I granted the Motion. ECF 107.[1]

As you know, on January 15, 2016, I entered a Consent Judgment in favor of LNV Corporation. ECF 99. The case remains open, however, because of the appointment of a Receiver as to HFB. *See* ECF 79. Any remaining proceedings are likely to address the receivership, including the issue of the Receiver's fees.

As to any remaining proceedings, the individual defendants may elect to represent themselves or obtain counsel. However, the non-individual defendants may appear only through counsel.

It "has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Roland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993). *See also* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel."). The same is true of a limited liability company or LLC. *See Cluck-U*,

---

[1] I was satisfied that defense counsel complied with Local Rule 101.2. Counsel filed a certificate complying with the Rule's notice requirements. ECF 105 at 4. Counsel certified that "written notice has been mailed to or otherwise served upon Defendants at least seven (7) days previously advising Defendants of counsel's proposed withdrawal and notifying them either to have new counsel enter an appearance or to advise the Clerk that they will be proceeding without counsel." *Id.*; *see* ECF 105-1.

*Corp. v. C.U.C. of Md., Inc.*, DKC-10-2105, 2010 WL 3516937, at *1 (D. Md. Sept. 7, 2010) ("The applicable law is clear: as a limited liability company, [the defendant] needs an attorney. *See Vick v. Wong*, 263 F.R.D. 325, 328 n. 1 (E.D. Va. 2009) ('[A] limited liability company . . . cannot appear *pro se,* even if represented by one of its members, but must be represented by an attorney.'); *Sea Island Co. v. The IRI Grp., LLC*, No. 3:07cv013, 2007 WL 2997660, at *1 (W.D.N.C. Oct. 12, 2007) ('[T]he law is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel.'); *Gilley v. Shoffner,* 345 F. Supp. 2d 563, 567 (M.D.N.C. 2004) ('[A] limited liability company may not appear in this case or seek relief *pro se.*'); *cf. Allied Colloids, Inc. v. Jadair, Inc.,* No. 96–2078, 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) ('[A]lmost every court to address this issue has held that a corporation may not appear pro se but must be represented only by duly licensed counsel.')").

In addition, when an estate has beneficiaries or creditors other than the personal representative, the estate must be represented through counsel. *See United States v. Nazarian*, DKC-10-2962, 2011 WL 1559378, at *1 (D. Md. Apr. 25, 2011). As Judge Chasanow has explained, *id.*:

> The courts are in general agreement that where an estate has beneficiaries other than the personal representative (or administrator or executrix) the estate must be represented by counsel. *See Witherspoon v. Jeffords Agency, Inc.,* 88 F.App'x 659 (4th Cir. 2004) (unpublished *per curiam* ); *Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002); *Malone v. Nielsen,* 474 F.3d 934, 937 (7th Cir. 2007); *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir. 1997); *cf Guest v. Hansen,* 603 F.3d 15, 17 (2d Cir. 2010)(holding that personal representative can represent an estate if it is the sole creditor or beneficiary). As explained by the United States Court of Appeals for the Second Circuit in *Pridgen* "when an estate has beneficiaries or creditors other than the administratrix or executrix [or personal representative], the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." 113 F.3d at 393 (internal quotations omitted). Although courts have not had occasion to rule on whether the personal representative of an insolvent estate is excused from the ban on *pro se* representation, other organizational entities, such as corporations or non-profit entities, have not been permitted to proceed *pro se* simply because they lacked resources to pay counsel. *See, e.g., Taylor v. Knapp,* 871 F.2d 803, 806 (9th Cir. 1989) (refusing to permit non-profit organization to proceed without counsel even though organization had argued it lacked funds to pay an attorney); *Richdel, Inc. v. Sunspool Corp.,* 699 F.2d 1366, 1366 (Fed. Cir. 1983)("Nothing in our Rules suggests that an exception is to be made because of the expense a corporation will incur by appearing through an attorney"); *Beaudreault v. ADF, Inc.,* 635 F. Supp. 2d 121, 122 (D.R.I .2009) (declining to create an exception to requirement that corporations cannot proceed *pro se* based solely on a corporation's inability to pay for legal

representation); *cf. In re Holliday's Tax Services, Inc.,* 417 F.Supp. 182, 185 (E.D.N.Y. 1976), *aff'd,* 614 F.2d 1287 (2d Cir. 1979) (permitting a lay sole shareholder to represent his small and impecunious corporation in petitioning for an arrangement under Chapter XI of the Bankruptcy Act, but noting that the bankruptcy court could require the corporation to obtain professional counsel if it found that "lay representation [was] causing a substantial threat of disruption or injustice," or that "changed economic conditions ma[d]e it possible for the corporation to obtain an attorney"). There is no reason to treat an insolvent estate differently.

As a result, a corporation cannot represent itself or appear through a non-attorney officer; an LLC cannot represent itself or appear through a non-attorney member; and an estate with beneficiaries or creditors other than the personal representative cannot be represented by the personal representative. However, a district court has discretion to grant a continuance to allow such parties to secure replacement counsel. *See RZS Holdings AVV v. PDVSA Petroleo S.A.,* 506 F.3d 350, 356 (4th Cir. 2007).

Local Rule 101.2(b), which pertains to any party other than an individual, provides that, "[i]n the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it." The Rule is couched in permissive language. In my view, it establishes a 30-day "safe harbor" period that follows the filing of a motion to withdraw, during which a defendant other than an individual may obtain new counsel.

In light of the foregoing, if the non-individual defendants wish to obtain counsel, they are directed to secure replacement counsel. In the absence of counsel, they cannot participate in any remaining proceedings.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge